EASTERN DIS. *February*, 1833.

BARROW
*vs.*
CAZEAUX.

Damages will not be given unless it clearly appear that the appeal is frivolous.

### BARROW. *vs.* CAZEAUX.

APPEAL FROM THE SECOND DISTRICT, THE JUDGE THEREOF PRESIDING.

If a vendor in his vendee's absence, promise a third person to pay the vendee the damages he had sustained by being ousted from the possession of the land, it is a confession, and binds the vendor.

A just cause of a promise is always understood unless the contrary be proved.

Imminent danger of eviction is good excuse for a promise by the vendor to pay the vendee the damages which he may sustain by the eviction.

*Wheeler* and *Taylor*, for appellants.

1. The matters set forth in plaintiff's petition, are not sufficient to support an injunction issued against an order of seizure and sale. *Code of Practice*, 739, 298, 299, 300, 301, 302 and 303. *Moreau's Digest, vol.* 1, 229. *sec.* 9. *Acts of* 1828, 160, *sec.* 25; 150, *sec.* 2. *Code of Practice*, 610 and 612. *Civil Code*, 2205. 2. *Pothier on Obligations*, 592. *Havard* vs. *Stone*, 5 *Martin's Reports*, *N. S.* 126.

2. The allegation in the answer, that the matters set forth in the petition are not sufficient to support an injunction issued against an order of seizure and sale, amounts to a peremptory exception founded in law, and if sustained, no judgment can be rendered on the merits. *Code of Practice.* 330, 335, 336, 345, 246. 1 *La. Rep.* 315, *Williams* vs. *Bethany. Civil Code*, 3126.

3. The defendant is only bound to warrant to the plaintiff a tract of land containing thirty arpents front on each side of bayou Terre Bonne, with such depth as to include 640 superficial acres. *Civil Code*, 2450, 2451. 7 *N. S.*, 214, 215, *Williams* vs. *Brent.*

4. The plaintiff has not legally proved that the defendant promised and bound himself to pay the damages he, plaintiff, sustained from the alleged change of location. *Civil Code*, 1794, 1799, 1807, 1808, 1809, 2257, 3067. *Toullier, Droit Civil Français, Liv.* 3, *title* 3, *chap.* 1, *nos.* 6, 7, 8, 9, *ps.* 5, 6. 1 *La. Rep.*, 188, *M‘Donough* vs. *Winchester.* 8 *N. S.* 457, *Cormir* vs. *Le Blanc.*

5. The plaintiff proved no damages, because he did not prove he had been ousted or evicted from the land, or any part of it. *Civil Code*, 2482, 2478, 3400, 2425, 3405. 9 *Martin*, 43, *Donegan's heirs* vs. *Martineau et al.*

6. The plaintiff did not prove that he had been disquieted in his possession, or that he had just reason to fear he will be disquieted, and, consequently, cannot withhold the payment of the price. *Civil Code*, 2535. 6 *N. S.* 216. *Latiolais* vs. *Richard.* Ibid, 340, *Milligan* vs. *Hargrove.* 8 *N. S.* 658, *Layoso* vs. *Executors of Baldwin.*

7. Parol evidence on the part of plaintiff was improperly admitted to prove an agreement on the part of defendant to pay damages, and to have the same determined by men or arbitrators, which was of the nature of transaction or compromise. *Civil Code*, 3038.

8. Parol evidence on the part of plaintiff was improperly admitted to prove that defendant sold by a plat of survey, which is not mentioned in the act of sale from defendant to plaintiff. *Civil Code*, 2256.

9. Parol evidence on the part of the plaintiff was improperly admitted to prove a previous survey and location of the land in question. 1. *Phillips' Evidence,* 167, (176) New-York ed. 1820. 1 *Martin's Dig.* 251, 270.

10. Parol evidence on the part of the plaintiff was improperly admitted to prove the contents of a plat of survey said to be in defendant's possession, before legal steps had been taken to have said copy produced. *Code of Practice,* 140, 1 *Phillips' Evidence,* 337, 338, (389 and 390) New-York ed. 1820.

11. Damages should have been given to defendant in consequence of the dissolution of the injunction. *Acts of* 1831, 102, *sec.* 3.

12. The court after dissolving the injunction issued in the case, on the ground that it was illegally issued, could not render a judgment in favor of the plaintiff, and enjoin anew the order of seizure and sale for its amount. *Code of Practice,* 304. *Acts of* 1828, *p.* 160, *sec.* 25.

*Preston, contra.*

The facts of the case are fully stated in the opinion of the court delivered by PORTER, J.

The defendant sold, by authentic act to the plaintiff, a tract of land, and took out an order of seizure and sale, to enforce payment of part of the purchase money.

The plaintiff, by his petition, alleges this writ issued improvidently, and should be enjoined on these grounds. He was induced to make the purchase of the land from a belief that it was high and elevated. The defendant exhibited a plat of survey, by which the tract bought was so represented; he was put in possession in conformity thereby, and continued so until the..............day of..............when it was discovered that the original location was erroneous; and the same was accordingly altered by the surveyor who acted under the authority of the United States. In consequence of this alte-

ration, he has been ousted of his possession, by which he has suffered great injury. A considerable part of what was high land in the plat of survey exhibited to him at the time of purchase, is excluded from the last made, and one hundred and fifty acres of swamp substituted in its stead. The defendant was cognizant of these facts, and promised to reimburse him the difference in value between these portions of land.

The answer avers, that the defendant sold to the plaintiff a tract of land containing thirty arpents front on each side of bayou Terre Bonne, with such depth as to include six hundred and forty superficial acres, bounded above by lands of respondent, and below by lands confirmed in the name of Joseph Gereno, with general warranty for the sum of eighteen thousand dollars; and that to receive the payment of the purchase money, a mortgage was reserved on the premises; that the sum claimed on the executive process is justly due; and that the injunction, in this case, issued contrary to law, and should be set aside.

To these special averments is joined a denial of all the other allegations in the plaintiff's petition.

The court below was of opinion that the writ of injunction had issued improvidently, and ordered it to be dissolved, but as no motion had been made on the face of the papers, to have this disposition made of the cause, and as the parties have gone to trial on the merits, the court considered the defendant bound by his promise to pay the difference in value, proceeding from the first and second location of the title. This value is fixed at two thousand four hundred and twenty dollars. From this judgment the defendant has appealed.

The first questions in the cause, are, whether the case, as exhibited by the plaintiff's petition, is such a one as authorised an injunction? or, if it be not, whether advantage can be taken of this defect, after the parties have joined issue on the merits, and have gone to trial on them.

We are inclined to the opinion, the case was one which authorised an injunction. Defendant's counsel have argued as if the matters set up here arose out of claims distinct

Eastern Dis.
February, 1833.
============
BARROW
vs.
CAZEAUX.

from the debt attempted to be enforced, and were independent of it. If such were the case, the objections made to the damages not being liquidated, and the consequent inability to plead them in compensation, would probably be found correct. But, in the instance before us, the ground laid for the injunction is the failure of the vendee to carry into effect the agreement which created the debt sued on. If this fact be true, as alleged in the petition, and if it be, as is also there alleged, that the obligee admitted the fact and promised to make a deduction to the extent of the injury sustained, it would seem to be a fair conclusion that the whole amount originally promised was not due, and that the debt was extinguished in whole, or in part, as the case might be. *See Code of Practice,* 739, *art.* 3.

Several bills of exceptions, taken on the trial, present questions which we do not find necessary to examine, as we are of opinion that the promise which the defendant made is binding on him, and that there was a good consideration for the promise.

When the last survey was made, the defendant stated that he was sorry any alteration had been made, and that he would make good the damage to the plaintiff.

Subsequently, when presented with a paper, the purport of which was, that the amount of the damages should be left to arbitration, he refused to sign it, saying that he had not then time to do so; that reliance should be placed on his honor, as he had never deceived the plaintiff, and that when he returned from New-Orleans, he would leave the question as to the amount of damages to *men,* or *arbitrators.*

The objections made to the admissibility and effect of this evidence may be classed under these heads:

1. That the agreement to have the damages left to arbitration, was null and void, in consequence of its not being reduced to writing.

2. That it was a mere pollicitation, and not binding for want of acceptance.

3. That parol evidence was improperly received of the defendant's acknowledgment of a change in the location.

Eastern Dis.
*February*, 1833.

BARROW
*vs.*
CAZEAUX.

4. That admitting it to be properly received, and that charge established by it, there was no good consideration, as there was no actual eviction.

The first and second points may be properly considered together.

The acknowledgment to a third party by the defendant, that he owed the damages and would pay them, is, in our opinion, binding on him, and enures to the advantage of the plaintiff. In the argument, counsel has considered the case before us, as one of contract, which it was perfectly free for the defendant to give his assent to or not; but it is not one of that kind. It is a confession which there was a moral obligation in him to make, and which (as *Toullier* well states it) he could not justly refuse to make. By the former, a man consents to oblige himself. By the latter, he consents to acknowledge a pre-existing obligation, or an anterior fact. An admission of the kind binds the maker, if made in the presence of the creditor, although the party to be benefited by it, does not express his assent. And it is good if made to a third person, if supported by other facts and circumstances which render it probable, and it receive the assent of the party in whose favor it is made. In this case, there is evidence of such assent, for the plaintiff subsequently demanded of the defendant that the amount of the damages should be left to arbitration. *Toullier, vol.* 10, *chap.* 6, *sec.* 4, *nos.* 260, 304 and 307.

If a vendor in his vendee's absence promise a third person to pay to the vendee the damages he had sustained by being ousted from the possession of the land, it is a confession and binds the vendor.

As connected with this part of the subject, it is proper to notice an objection that the proof of this promise was established by the oath of one witness alone, and that the amount attempted to be proved was above five hundred dollars. His testimony, however, has the strong corroborating circumstance, that the defendant promised to have the amount of damages settled by men, or arbitrators. The value of this fact as auxiliary proof, is not diminished, in our judgment, by the consideration that the agreement not being reduced to writing, was not valid as a *compromise.*

3. The agreement being thus established to pay the damages, we have next to consider of the third objection, that a

A just cause of a promise is always understood, unless the contrary be proved.

legal cause is not shown for it. By our law, an agreement is not less valid though the cause be not expressed. *La. Code,* 1888. *Toullier,* in commenting on the corresponding article of the *Napoleon Code,* says, a just cause is always understood, *unless the contrary be proved,* and if the cause expressed is *proved* to be a bad one, then the obligation is null and void, unless the creditor shows there were other just considerations for it. It was, therefore, for the party promising in this case, after the promise was proved, to discharge himself from its effects, by showing that it was made without a just and legal cause. *Toullier, no.* 6, *lib.* 3, *title* 3, *chap.* 2, *nos.* 175, 176, 177.

4. But the debtor in this case contends, that whether it behoved the creditor to show the cause was a good one, or it devolved on him to establish it was bad, the proof makes manifest, that there was no good consideration for the acknowledgment. That consideration appears to be, that the plaintiff was put in possession by a location of the title sold to him, which the United States did not confirm, but on the contrary, gave to the lines of survey a different direction. The consequence of this alteration was, to diminish the quantity of high land which the plaintiff supposed he was acquiring, and to substitute in its stead low swamp of greatly inferior value. As there was no actual eviction, the defendant might have resisted the immediate payment and chosen to give security. The question is, whether this state of things furnished a good consideration for the promise to pay the

Imminent danger of eviction is good cause for a promise by the vendor to pay the vendee the damages which he may sustain by the eviction.

money. We think it did. The facts of the case show a strong probability and imminent danger of eviction. The responsibility of the defendant to meet the contingency was a good consideration. It was in fact doing nothing more than changing a conditional into an absolute obligation.

The judgment of the District Court dissolving the injunction, must be reversed. Its estimate of the damages have been complained of by the plaintiff, but we think it correct.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed; and it is further ordered and decreed, that the injunction granted in this case

be made perpetual for the sum of two thousand four hundred and twenty dollars; that it be dissolved for the remainder of the sum for which the order of seizure was taken out. The appellee paying costs in this court, the appellant those of the court of the first instance.