## GREENWELL AND WIFE vs. ROBERTS ET ALS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

Error and want of consideration, in executing a note and mortgage 'to secure it, are sufficient causes and grounds on which to sustain an injunction against an order of seizure and sale, on such note and mortgage.

An attorney at law, who has obtained a judgment for his client, is not thereby authorised to receive a note and mortgage, in satisfaction of such judgment.

A note and mortgage, executed for the purpose of discharging a certain judgment, and made to the attorney of the plaintiff in the judgment, who shows no special authority to receive them, in discharge thereof, will be declared illegal and null.

The consideration of a note and mortgage, and the fact charged that they were executed in error, may be inquired into, in an injunction to stay an order of seizure and sale ; and, if true, this summary proceeding will be declared illegal, and the injunction perpetuated.

This suit commenced by injunction. The plaintiffs allege, that in May, 1830, they gave their note, secured by mortgage on three hundred acres of land, for the sum of six hundred and fifty dollars and fifty-seven cents, payable on the 1st day of February, 1831, to A. Haraldson, for the balance

WESTERN DIST. of a judgment which had been obtained against the plaintiff,
*August*, 1834. Greenwell, by Rutherford, Fiske & M'Neil, of Natchez;
GREENWELL Haraldson, the payee of the note, being the attorney of the
ET ALS. plaintiffs in said judgment. They further allege, that an
*vs.*
ROBERTS ET ALS. order of seizure and sale has issued on said note and mort-
gage, at the suit of Haraldson, to the use of Stephen Roberts,
of the parish of East Baton Rouge, and that the sheriff is
proceeding to sell the mortgaged land; and that the only
consideration and inducement for which they executed the
note and mortgage, was to satisfy and discharge the judg-
ment of Rutherford, Fiske & M'Neil, which still stands open
and in full force. They allege, that Haraldson, as the
attorney of the plaintiffs in said judgment, had no right to
take a note and mortgage to himself, and for his own use, in
discharge of said judgment; and they allege, that Greenwell
is still liable for the original judgment; and they charge, that
said note and mortgage was obtained through fraud, and
executed in error. They pray for an injunction against the
seizure and sale, and that the note and mortgage may be
cancelled; and that the defendants in injunction, be decreed
to pay damages and costs.

The defendant Roberts, pleaded the general issue, denied
all fraud, and alleged, that at the time of obtaining the
injunction, the order of seizure and sale was suspended by
the agreement of the parties, in which Greenwell executed
a written obligation, to deliver his crop of cotton for the
year 1832, to the plaintiffs, in the order of seizure; that the
injunction was obtained under the fraudulent pretext for not
complying with said obligation, and that in violation of said
obligation, the said Greenwell sold and received the proceeds
of his cotton and appropriated it to his own use. He prays
that the injunction be dissolved, and the plaintiffs and their
sureties therein, be decreed to pay the principal debt, with ten
per cent. interest thereon, and twenty per cent. damages on
the amount thereof, together with a further sum for special
damages and costs.

It does not appear that the attorney of the plaintiffs in the
original judgment, had any special authority from his clients

to take the note and mortgage in question, and that he gave no discharge to the defendant from the judgment, on receiving the note and mortgage. In the statement of facts, signed by the respective counsel in this case, it is stated, that "the defendants proved by A. Haraldson, that he, as their attorney, had instructions to make any arrangements he could with Greenwell; that he considered the claim as very doubtful, &c., but that he had no special instructions to take a note and transfer the same;" "that he had written authority by letter, and a verbal authority to make any arrangement of the debt, which was for their interest, and that he had always been willing to enter satisfaction on the judgment, &c."

The district judge gave judgment, perpetuating the injunction, reserving to the plaintiffs, in the order of seizure and sale, the right to proceed on their mortgage, whenever satisfaction shall be entered in a legal manner, of the judgment, &c." The defendants, in injunction, appealed.

*Saunders,* for the plaintiff in injunction.

*Andrews,* contra.

*Mathews, J.,* delivered the opinion of the Court.

This is a case in which the plaintiffs obtained an injunction to stay proceedings on an order of seizure and sale of certain property, by them mortgaged to one of the defendants. On a hearing of the cause, the injunction was continued until the defendants should release the plaintiffs from a judgment which had been previously obtained against them, at the suit of Rutherford, Fiske & M'Neil, of Natchez, in discharge of which, a note and the mortgage, on which the order of seizure was issued, had been given to the defendant, A. Haraldson. From the judgment perpetuating the injunction as above stated, the defendants appealed.

The grounds on which the injunction was obtained, and those on which it was continued, are want of just consideration, and error in executing the note and hypothecation.

WESTERN DIST.
*August,* 1834.

GREENWELL ET ALS.
*vs.*
ROBERTS ET ALS.

Error and want of consideration in executing a note and mortgage to secure it, are sufficient causes and grounds on which to sustain an injunction against an order of seizure and sale on such note and mortgage.

An attorney at law, who has obtained a judgment for his client, is not thereby authorised to receive a note and mortgage in satisfaction of such judgment; a note and mortgage executed for the purpose of discharging a certain judgment, and made to the attorney of the

9

WESTERN DIST. *August*, 1834.

The consideration of a note and mortgage and the fact charged that they were executed in error may be inquired into, in an injunction to stay an order of seizure and sale, and if true, this summary proceeding will be declared illegal and the injunction perpetuated.

The evidence shows, that the promise to pay to Haraldson, and mortgage to secure the payment, were made under a belief that he was authorised to take them, and that they would operate a release and discharge of the judgment which Rutherford, Fiske & M'Neil had obtained against the obligors.

No authority is shown on the part of Haraldson, to transact for his clients in the manner in which he has done; no satisfaction was entered on the record in the suit of his clients against the plaintiff, Robert Greenwell; and until he be discharged from the judgment obtained in that case, neither he nor his wife can be legally considered as under any obligation to fulfil their promise to the defendant. And the summary proceeding on the act of mortgage was illegal, the contract which supports it having been made in error, and without a good or valuable consideration given at the time, on the part of the obligee.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.