EMMERLING *vs.* BEEBE ET AL.

EASTERN DIST.
*April* 1840.

EMMERLING
*vs.*
BEEBE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

*Parole* evidence cannot be received to prove in substance that a sale of a slave had been rescinded ; or that the former vendor resumed possession, as owner.

In an action by the owner of a slave for his hire and detention, a receipt of a third person to show that he had released the defendants from the cause of action set forth by the plaintiff, is inadmissible in evidence, as not bearing the plaintiff's signature, and as an attempt to prove title to the slave, in another, by incompetent testimony.

This is an action of damages by the plaintiff, as owner of the slave Pierre, for the amount of his hire and for his illegal detention by the defendants, on board their steam tow-boat Tiger.

The defendants pleaded a general denial, and for answer averred, that the slave Pierre was in the possession and under the control of one Moussier, who permitted him to hire himself, and with whom they settled, having him in their employ but a short time, &c.

There was much evidence taken to show the amount of damages sustained by the plaintiff, and that the slave Pierre belonged to the latter, he having purchased him from Gustave Moussier. The defendants offered *parole* evidence to show that after the sale of the slave Pierre to the plaintiff, he allowed Moussier to resume possession of him, and that at the time he was employed on the tow-boat, he was in the actual possession of Moussier, *as owner* ; and that said slave was in the habit of hiring himself to work on the levee and on board steamboats, &c., which testimony was rejected as inadmissible ; tending to prove title to a slave by parole. There was a bill of exceptions taken.

A receipt of Moussier was offered, with a witness, to prove that he had given the defendants an entire acquittance against the cause of action set forth in the plaintiff's petition, which was objected to and rejected, on the ground that the receipt did not bear the signature of plaintiff, and it purported

EASTERN DIST. to prove title to the slave. The defendants' counsel excepted
*April*, 1840. to the opinion of the court.

EMMERLING         There was a verdict and judgment in favor of the plaintiff
*vs.* for one hundred and fifty dollars, and the defendants appealed.
BEEBE ET AL.

*Bodin,* for the plaintiff.

*Roselius,* for the appellants.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff sued for damages alleged to have been sustained by him in consequence of the detention and employment, without his knowledge and consent, of his slave on board the defendants' tow-boat. The defendants answer by a denial, averring at the same time, that the slave was at the time in possession and under the control of one Moussier, who permitted him to hire himself out, and with whom they had settled for his wages. And, further, that when the slave
Parole evi- was hired on board the Tiger, he exhibited free papers.
dence cannot
be received to     The jury gave a verdict for the plaintiff, and judgment
prove in sub- having been pronounced thereon, the defendants appealed.
stance, that a
sale of a slave    During the progress of the trial, it appears that the defend-
had been re-
scinded ; or that ants offered to prove, by Moussier and others, that after the
the former ven-
dor resumed sale of the slave in question to the plaintiff, Moussier, the
possession as vendor, resumed possession of him as owner, with the consent
owner.
  In an action and approbation of the plaintiff, and that at the time the
by the owner of
a slave for his slave was employed on board the Tiger, he was in the actual
hire and deten- possession (as owner,) of the said witness ; and that the
tion, a receipt
of a third per- slave had been in the habit of hiring himself on the levee.
son, to show
that he had re-   This evidence was objected to, on the ground that title to
leased the de-
fendants from slaves could not be proved by *parole*, and was rejected ;
the cause of ac- whereupon the defendant took a bill of exceptions. We are
tion set forth by
the plaintiff, is of opinion the court did not err. Proof that Moussier had
inadmissible in
evidence, as not resumed possession of the slave, *as owner*, with the consent of
bearing the the plaintiff, was in substance to prove that the sale from the
plaintiff's signa-
ture, and as an former to the latter, had been rescinded. This cannot be
attempt to prove
title to the slave shown by parole.
in another, by    A second bill of exceptions was taken to the refusal of the
incompetent tes-
timony. court to admit in evidence a receipt signed by Moussier, and

to admit evidence that Moussier had given an entire release <span style="float:right">EASTERN DIST.</span> of the whole cause of action. It is obvious that Moussier <span style="float:right">*April*, 1840.</span> could not give a valid release, as he had no longer any title to the slave.

The judgment of the District Court, is, therefore, affirmed, with costs.