Martin, J.
The defendant is appellant from a judgment by which the plaintiff has recovered the price of a sugar mill. The facts of the case are these: The defendant had purchased this mill from Dufilho, who gave him an order for'the delivery thereof. He afterwards sold it to the plaintiff, and delivered him Du-filho’s order. Two years after, the defendant, upon the representation of the plaintiff that he had lost or mislaid the original order, gave him a second. At or about the same time, an agreement took place according to which, as the plaintiff states in his answers to the defendant’s interrogatories, he received the second order, on the defendant’s representation that he had ascertained where the mill could be had; and he rvas to be refunded $250, out of the $400, which he had paid for the mill, in case it were found, and the whole price, if it was not. Plaintiff further states in his answers to the interrogatories that, two or three weeks after receiving the second order, he went in person to the place where the mill was to be delivered, and was informed that there was no mill there, nor had been for two or three years; and that shortly after, and the first time he met with defendant, he notified the latter of his inability to obtain possession of the mill.
It is clear, that the delivery of the original order was that of the mill, unless the plaintiff was able to show, that he had failed to obtain possession, notwithstanding the use of proper diligence. The defendant, however; knowing where the mill could be found, *329 was bound to disclose it, and to afford to the plaintiff the means of obtaining it. This was endeavored to be effected by the delivery of the second order, accompanied by a promise to return part of the price if the mill was found, and the whole, if it was not. The plaintiff, on receiving that order, made a vain application for the mill, and gave timely notice of his unsuccessful attempt. All these result from uncontradicted answers to interrogatories, and must be taken as proven.
The only question which the case presents is, whether the defendant, having been discharged of his obligation to deliver the mill, by the delivery of the original order, and the subsequent conduct of the plaintiff, became liable lo damages under the second agreement, the consideration of which is not shown. This question was decided in the case of Barrow v. Cazeaux, (5 La. 72,) in rvhich we held, under the authority of Toullier, that a just cause is always understood, unless the contrary be proved ; and that, when a promise is shown, it is for the party promising to discharge himself from its effects, by showing that it was made without a just and legal cause.

Judgment affirmed.