## MORRIS et al. *v.* KENTON.

*To make a vendor liable under his warranty, the purchaser must be evicted by some lawful authority. Per Curiam: The latter must maintain and vindicate his possession against intrusion, or any force but that of the law itself.*

APPEAL from the Parish Court of New Orleans; *Maurian*, J. *Durant*, for the plaintiffs. *Preston*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. By an instrument under private signature, dated the 3d of July, 1840, at New Orleans, the defendant sold the plaintiffs a tract of land of one *arpent* front on the Pass of Biloxi, in Hancock county, Mississippi, for the sum of $1000 in cash, and their three notes of $500 each, payable at one, two, and three years from the date of the sale. This suit is brought for the recovery back of the purchase money and notes, and a further sum for an alleged eviction from the premises under a writ issued from the Circuit Court of Harrison county, State aforesaid, in a certain judgment rendered in a certain action of ejectment against one *Elizabeth Curtis*, at the suit of *Doe ex dem. Holley*, and *Dorsite Richards*. There was judgment for the plaintiffs, and the defendant has appealed.

The only party defendant to the action of ejectment appears to have been *Elizabeth Curtis*. It does not appear that either the plaintiffs, or the defendant, were parties to it, and there is no evidence of any eviction by process of law of the plaintiffs from the land which the defendant sold, and the title to which he warranted:

To make a vendor liable on his warranty, we understand, that the purchaser must be evicted by some lawful authority. *Cockerell* v. *Smith*, 1 Ann. Rep. 1. We have nothing before us which shows that any judgment of eviction has been pronounced against them, or how their title is affected by the judgment against *Elizabeth Curtis*, whom we should judge to be a nominal party. She was the vendor to *Kenton*, the defendant, but had neither the ownership, nor was she in possession of the property on which the judgment is said to have effect. It was incumbent on the plaintiffs to maintain and vindicate their possession against intrusion, and any force but that of the law itself, for which alone the defendant is responsible. Pothier; Contrat de Vente, § 83. Mackeldey, Droit Romain, 370.

The judgment appealed from is therefore reversed, and judgment rendered for the defendant, with costs in both courts.